**ORIGINAL**

Fee PAID

1  Maria C. Roberts, SBN 137907
   mroberts@greeneroberts.com
2  Dessi N. Day, SBN 207699
   dday@greeneroberts.com
3  GREENE & ROBERTS
   402 West Broadway, Suite 1025
4  San Diego, CA 92101
   Telephone:  (619) 398-3400
5  Facsimile:   (619) 330-4907

6  Attorneys for Defendant KLLM Transport Services,
   LLC, a Texas Limited Liability Company

7

8                                                        **FAXED**

9              UNITED STATES DISTRICT COURT

10  CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11
    JUAN NIEVES, individually, on a          Case No. 5:22-CV-449 ~~JGB~~-SHK
12  representative basis,  and on behalf
    of all others similarly situated,        Action Date:   December 21, 2021
13
                        Plaintiffs,          **NOTICE OF REMOVAL OF CIVIL**
14                                           **ACTION BY DEFENDANT KLLM**
              v.                             **TRANSPORT SERVICES, LLC**
15                                           **UNDER 28 U.S.C. §§ 1332, 1441(a),**
    KLLM TRANSPORT SERVICES,                 **1446, 1453**
16  LLC, a Texas Limited Liability
    Company; and DOES 1 through 20,          **ACCOMPANYING DOCUMENTS:**
17  inclusive,                               CIVIL COVER SHEET;
                                             DECLARATION OF JASON HICKS;
18                      Defendants.          NOTICE OF PARTIES WITH
                                             FINANCIAL INTEREST
19

20

21

22

23

24

25

26

27

28

                                                    NOTICE OF REMOVAL

**TO:**     **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

**AND TO:**   **JUAN NIEVES, on behalf of himself and all others similarly situated:**

Defendant KLLM Transport Services ("KLLM"),[1] by and through the undersigned attorneys, removes this action from the Superior Court for the State of California, County of San Bernardino, where it was filed and is currently pending, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As addressed below, original jurisdiction exists in this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1453, and as otherwise specified herein. In support of this removal, KLLM states the following:

**I.**    **Introduction and Background**

KLLM has two facilities in California, in Ontario and Stockton, and, during the putative class period, had approximately 100 or more employees in California. (Declaration of Jason Hicks (Hicks Decl.), ¶ 5.)

On or about December 21, 2021, Plaintiff (a truck driver at the KLLM's facility in San Bernardino County, California), filed a putative class action complaint captioned, *Juan Nieves, individually, and on behalf of all others similarly situated v. KLLM Transport Services, Inc., a Texas Limited Liability Company; and DOES 1 through 20, inclusive*, County of San Bernardino, Case No. CIV SB 2134796. (*See*, Complaint attached as Exhibit 1.) In the complaint, Plaintiff alleges that KLLM is a corporation that does business in California, including County of San Bernardino. (*Id.*, ¶15); that he is employed by Defendant (*Id.*, ¶2, 15-16); and that KLLM has violated his rights protected by the California Labor Code §§ 200,

---

[1] By filing this Notice of Removal, KLLM does not waive any of its rights to any objections or defenses, including jurisdictional, and expressly reserves the right to amend and supplement this Notice of Removal.

Greene & Roberts
402 West Broadway, Suite 1025
San Diego, CA 92101
(619) 398-3400

NOTICE OF REMOVAL

preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), *citing Standard Fire Ins. Co. v. Knowles*, 568 S. Ct. 1345 (2013).

**A.      Plaintiff's Complaint Constitutes a "Class Action"**

This case meets the CAFA definition of a class action: "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure." 28 U.S.C. §§1332(d)(1)(B), 1435(a) & (b). Plaintiff filed his Complaint under a state judicial procedure, California Code of Civil Procedure § 382, which authorizes an action to be brought by one or more representative persons as a class action. (Exh. 1, ¶¶1, 24-26.) Consequently, Plaintiff's complaint constitutes a class action under CAFA.

**B.      The Putative Class Meets the Jurisdictional Requirements**

In paragraph 26 of his complaint, Plaintiff defines the putative class as "[A]ll current and former truck drivers who resided in California and who were employed by Defendants at any time during the Relevant Time Period." (Exh. 1, ¶26.) The class period is defined as "the period **beginning four years prior to the filing of this action until class certification**" (the "Class Period"). (Exh. 1, ¶25.) Limiting the putative class to only those truck drivers who worked for KLLM during the putative class period, there are 100 or more putative class members. (Hicks Decl., ¶6.) Thus, the size of the putative class is at least 100 persons and will exceed that number throughout the Class Period, as required by 28 U.S.C. § 1332(d)(5)(B). (*Id.*)

**C.      The Parties Meet the Minimal Diversity Requirements**

This Court has original jurisdiction of this action, in part, because "(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; or (B) any member of a class of plaintiffs is a [...] citizen or subject of a foreign state and any defendant is a citizen of a State[.]" 28 U.S.C. §§ 1332(d)(2)(A), (B).

3

In "minimal diversity" class actions under CAFA, an unincorporated association is a citizen **_only_** of the state under whose laws it was organized and where it has its principal place of business. (28 USC § 1332(d)(10).) "Unincorporated association" covers all noncorporate business entities. *Ferrell v. Express Check Advance of South Carolina LLC*, 591 F3d 698, 705 (4th Cir. 2010) (***limited liability company is "unincorporated association"*** for CAFA purposes).

Here, Plaintiff, JUAN NIEVES is a resident of the State of California. (Exh. 1, ¶16.) The putative class as defined in the complaint includes current and former truck driver employees who reside and work in California. In contrast, KLLM, a defendant in this action, is a limited liability company organized in Texas whose principal place of business is 135 Riverview Drive, Richland, Mississippi 39218. (Hicks Decl., ¶3-4.)

In addition to meeting the minimal diversity requirements under CAFA, [2] KLLM also meets the complete diversity test applied to limited liability companies, because KLLM is a 100% wholly owned subsidiary of Investment Transportation Services, LLC. Investment Transportation Services, LLC is a 100% wholly owned subsidiary of Duff Capital Investors, LLC. (*Id.*) Duff Capital Investors, LLC is wholly owned by two members, the Thomas Milton Duff Amended and Restated Trust and the James Earnest Duff Amended and Restated Trust. The trustee of the Thomas Milton Duff Amended and Restated Trust is Cameron Sewell, a resident of the State of Texas.  The sole beneficiary of the trust is Thomas Duff, who is a resident of the State of Mississippi. (*Id.*) The trustee of the James Earnest Duff Amended and Restated Trust is Cameron Sewell, a resident of the State of Texas. (*Id.*) The sole beneficiary of the trust is James Earnest Duff who is a resident of the State of Mississippi. (*Id.*)

---

[2] The complete diversity test does not apply under CAFA.  Regardless, KLLM meets the diversity requirement, as the places of incorporation and principal places of business of its members are in Texas and Mississippi. *Johnson v. Columbia Properties Anchorage, LP* 437 F.3d 894, 899 (9th Cir. 2006).

Based on these facts, the putative class action meets the minimal diversity requirements for removal.

**D.    The Amount in Controversy Based on the Claims as Pled by Plaintiff Exceeds the Sum or Value of $5,000,000.**

Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). While denying all liability, ***KLLM avers for the purposes of this Notice only***, that Plaintiff's claims place more than $5 million in controversy (excluding interest and costs). Under CAFA, removal is proper if the allegations of the complaint as pled and the notice of removal demonstrate that it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances). This standard is satisfied here[3] and KLLM is permitted to include a plausible allegation, without evidentiary submissions, that the requisite amount in controversy is met. *See, Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

**For purposes of the computations below, KLLM has included truck drivers residing and working for KLLM in California during the Class Period:**

**1.    Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §§ 200, 1194, 1194.2 and 1197 Related to the Payment of Minimum Wages.**

In support of the first cause of action for alleged violations of California Labor Code §§200, 1194, 1194.2 and 1197, Plaintiff alleges KLLM had policies

---

[3] KLLM denies Plaintiff's allegations, claims of liability and damages and denies that this matter is properly brought or should proceed as a class action. However, for the purposes of removal, KLLM and the Court must rely on the allegations pled. *See, Standard Fire Ins., supra*, 568 S. Ct. at 1350 ("CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, i.e., *this* complaint, not a new, modified (or amended) complaint that might eventually emerge."(emphasis in original).

and practices of not compensating its California truck drivers for all hours worked.[4]
Plaintiff further asserts that KLLM often paid "trip pay" and/or piece-rate
compensation to the putative class members which did not compensate them for all
hours worked.[5] Plaintiff further alleges that "as a result, of these policies and
practices, Plaintiff and Represented Employees were required to perform off-the-
clock work that Defendants either knew or should have known they were
performing."[6]

The complaint specifically states that Defendants intentionally, willfully, and
improperly failed to pay him and the putative class members:

> wages for each hour worked in violation of Labor Code §§ 221-223, 1194
> and 1197. Defendants' conduct was willful, as Defendants knew that Plaintiff
> and the Represented Employees were entitled to be paid wages throughout
> the statutory period for each hour worked, including proper minimum and
> regular wages, yet Defendants chose not to pay them in accordance thereto. [7]

Labor Code section 1194 provides that nonexempt employees who receive
less than the minimum wage in compensation for hours worked are entitled to
recover unpaid wages. *See*, Cal. Lab. Code §1194(a). In addition, Labor Code
section 1194.2 provides that employees who receive less than minimum wage for
hours worked may seek liquidated damages equal to the unpaid wages recovered.
*See*, Cal. Lab. Code §1194.2(a).

Plaintiff seeks recovery of alleged unpaid minimum wages for himself and
the putative class from December 21, 2017, until the class is certified.[8] Plaintiff also
seeks recovery of liquidated damages under section 1194.2(a). During the relevant
time period as alleged in the complaint, KLLM employed 100 or more truck drivers
in California. (Hicks Decl., ¶¶8-10.)  These drivers worked a total of approximately

---

[4] Exh. 1, ¶38.
[5] *Id.*
[6] Exh. 1, ¶39.
[7] Exh. 1, ¶¶41, 42.
[8] Exh. 1, ¶48.

**8,381** weeks from December 2017 to the present (March 11, 2022) and earned an average of $30. (*Id.*)

With a class period beginning on December 17, 2017, and ending at time of potential class certification, which is conservatively estimated at six months from now, or after September 11, 2022, the workweek estimate for drivers during the class period would be closer to **9616** workweeks total.

KLLM truck drivers worked on average 8 to 10 hours per day, 5 days per week, or between 40 and 50 hours per week. Assuming employees were not compensated for all hours worked each day, as alleged in the complaint, and estimating 1 hour of unpaid wages per day for five workdays per week, for each putative class member, the potential minimum wage violations total **$ 1,257,150** [5 (days per week) x 8,381 (work weeks) x $30 (average hourly rate)).] (Hicks Decl., ¶¶8-10.) Adding, liquidated damages at a pro-rated rate of ¾ the unpaid wages amount (based on a 3-year statute of limitations, rather than 4), the potential minimum wage violations on this disputed claim totals: **$2,200,012** ($942,862 (liquidated damages, based on ¾ of unpaid wages owed) + $1,257,150). This amount is based on the 8381 workweek estimate from December 2017 to present (or March 11, 2022).

With a class period ending at the time of possible class certification, the potential violations under this claim totals approximately **2,524,200** [1,442,400 [5 (days) x 9616 (workweeks from December 2017 to September 2022) x $30 (average hourly rate)) + $1,081,800 (liquidated damages at ¾ the rate of unpaid wages). (Hicks Decl., ¶¶8-10.)

### 2. Plaintiff Seeks Recovery for Himself and The Putative Class for Alleged Violations of California Labor Code §§226.7 and 512 Related to the Provision of Meal Periods.

In support of his second cause of action, for alleged violations of California Labor Code §§226.7 and 512, Plaintiff re-alleged his prior allegations that KLLM engaged in a systematic corporate policy and practice of violating California labor

7

laws, including sections 226.7 and 512.[9]  Although disputed, Plaintiff alleges that he and putative class:

> . . . were denied the 30-minute meal periods to which they were entitled. As a result of Defendants' policies and practices, Plaintiff and the Represented Employees were subjected to meal period violations when they were: (1) unable to take a meal period due to workload, (2) forced to take an on-duty meal period while under the control of the Company, (3) forced to take a shortened meal period, (4) forced to take a meal period after the 5th hour of work, and (5) not provided mandated second or third meal periods for shifts in excess of 10 and 15 hours, respectively....[10]

Labor Code section 226.7 allows a non-exempt employee to recover one additional hour of pay at the employee's regular rate of compensation, for each workday that a mandated meal period is not provided. *See*, Cal. Lab. Code § 226.7(c). Courts have applied a four-year statute of limitations to claims for alleged meal period violations, where the plaintiff seeks to recover unpaid wages as restitution under Business & Professions Code §§ 17200 and 17210. *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173 (unlawfully withheld wages may be recovered as restitution).

During the relevant time period as alleged in the complaint, KLLM employed a total of 100 or more truck drivers in California during the Class Period. (Hicks Decl., ¶6.)  The KLLM employees worked a total of 8,381 weeks from December 2017 to the present (March 11, 2022) and earned an average of $30 per hour. (*Id.*) KLLM truck drivers worked on average around 8 to 10 hours per week and were allegedly entitled to one or two meal breaks per day, or a total of approximately **10 to 15 meal breaks per week. Assuming 2 alleged meal period violations occurred each week for the 100 KLLM truck drivers during the Class Period,[11] the total amount of premium pay that could be owed based on an**

---

[9] Exh. 1, ¶¶48-53.

[10] Exh. 1, ¶52.

[11] Again, all of the meal period violations are adamantly denied by KLLM.

8

estimate using the base rate of pay for such alleged violations is $502,860

[8,381 (workweeks) x $30 (average hourly rate) x 2 (missed meal breaks a week)].

(Hicks Decl., ¶8-10.)

With a class period ending at the time of possible class certification, the potential violations under this claim totals: **$576,960** [9616 (workweeks) x $30 (average hourly rate) x 2 (meal violations a week)] x $30 (average hourly rate)).] (Hicks Decl., ¶¶8-10.).

### 3. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §§ 226.7 Related to the Provision of Rest Breaks.

In support of his fourth cause of action for alleged violations of California Labor Code § 226.7, Plaintiff alleges KLLM had policies and practices of failing to authorize and permit Plaintiff and the statewide putative class members to take rest breaks as required by Labor Code § 226.7 and IWC Wage Order No. 1-2001 § 12.[12] Plaintiff specifically alleges that he and the putative class:

> . . .wrongfully failed to authorize and permit Plaintiff and the putative class to take timely and duty-free rest periods… in compliance with California law.[13]

Section 226.7 allows an employee to recover one additional hour of pay at the employee's regular rate of compensation for each workday that the rest break is not provided. *See*, Cal. Lab. Code § 226.7(c). Courts have applied a four-year statute of limitations to claims for alleged rest break violations where plaintiff seeks unpaid wages as restitution under Business & Professions Code §§ 17200 and 17210. *See*, *Cortez, supra,* 23 Cal.4th at 173.

**Truck drivers worked on average about 8 to 10-hour days and were entitled to two or three rest breaks per day or a total of 10 to 15 rest breaks per workweek. Assuming 3 rest break violations per employee, per workweek**

---

[12] Exh. 1, ¶18.
[13] Exh. 1, ¶18.

NOTICE OF REMOVAL

**for the 100 truck drivers, during the Class Period, the potential amount due**
**for alleged rest break violations totals over $754,290** [8,381 (workweeks) x $30
(average hourly rate) x 3 (missed rest breaks a week)]. (Hicks Decl., ¶8-10.)

    With a class period ending at the time of possible class certification, the
potential violations under this claim totals: **$865,440** [9616 (workweeks) x $30
(average hourly rate) x 3 (missed rest breaks a week)] x $30 (average hourly rate)).]
(Hicks Decl., ¶¶8-10.).

### 4. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §2802 Related to Failure to Reimburse Necessary Business Expenses.

    In support of his fourth cause of action for alleged violations of California
Labor Code §2802, Plaintiff alleges KLLM had policies and practices of failing to
indemnify Plaintiff and the statewide putative class members for necessary business
expenses as required by Labor Code §2802.[14] Plaintiff specifically alleges that
KLLM:

> . . At all relevant times herein mentioned, as a condition of employment,
> Defendants required Plaintiff and the Unreimbursed Expense Subclass to
> incur necessary business-related expenses and costs without reimbursement,
> including but not limited to acquiring and maintaining a smart phone and
> related monthly data plan to communicate with the Company via phone, text
> message, and e-mail.[15]

    Section 2802 allows an employee to be indemnified for reasonable business
expenses that were required by an employer in the performance of the employee's
job duties. *See*, Cal. Lab. Code §2802. Court have applied a three-year statute of
limitations for claims under section 2802. Cal. Code Civ. Proc. § 338, subd. (a);
*Brandon v. National R.R. Passenger Corp. Amtrak*, 2013 WL 800265 (C.D. Cal.,
Mar. 1, 2013). **Assuming each employee incurred $50 of unreimbursed business**
**expenses per month or $600 per year, during the putative class period, the**
**potential amount due for the disputed unreimbursed business expenses would**

---

[14] Exh. 1, ¶71.

[15] Exh. 1, ¶72.

NOTICE OF REMOVAL

total $180,000 [100 x $600 ($50 per month x 12 months x 3 years)]. (Hicks Decl., ¶¶8-10.)

### 5. Plaintiff Seeks Recovery for Himself and the Putative Class for Failure to Timely Pay Final Wages in Alleged Violation of California Labor Code §203.

In support of his fifth cause of action for alleged violations of California Labor Code §203, Plaintiff alleges KLLM failed to timely pay final wages to Plaintiff and the statewide putative class members.[16] Plaintiff specifically alleges that during the relevant time period, KLLM:

> . . . Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Waiting Time Penalties Subclass upon separation of employment, including, but not limited to, minimum and regular wages, vacation or PTO wages, as well as meal and rest period premiums.[17]

Section 203 allows for waiting time penalties of up to 30 days of the employee's regular wages. *See*, Cal. Lab. Code §203. Court have applied a three-year statute of limitations for claims under section 203. Cal. Code Civ. Proc. §203(b); (LC 203(b); *Pineda v. Bank of America* (2010) 50 Cal.4th 1389). **During the class period, KLLM employed 53 truck drivers who were terminated during the putative class period, whose average hourly rate of pay was approximately $30 per hour. With regard to these employees, the potential amount of waiting time penalties for the disputed violations would be $381,600 [53 (terminated EEs) x 30 x 8 x $30] (Hicks Decl., ¶8-10.)**

### 6. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code § 226 Related to the Provision of Accurate Wage Statements.

In support of his sixth cause of action for alleged violations of California Labor Code § 226 and the applicable wage order, Plaintiff alleges KLLM failed to provide him and the putative class members in California with accurate wage

---

[16] Exh. 1, ¶¶79-85.

[17] Exh. 1, ¶84.

statements listing "the true 'total hours worked by the employee,'" and "the true net
wages earned."[18]

Labor Code section 226(e) allows an employee to recover a $50 penalty from
his/her employer for wage statement violations, for the initial pay period and an
additional $100 penalty for subsequent violations per pay period, up to a maximum
amount of $4,000.  *See*, Cal. Lab. Code § 226(e)(1). Claims for violations of section
226(e) penalties are subject to a one-year statute of limitations. Cal. Civ. Proc. Code
§ 340.

During the class period, KLLM had a total of at least 100 truck drivers, who
were paid on a weekly basis. (Hicks Decl., ¶6.) **Accordingly, the potential value
of the alleged, albeit disputed, section 226(e) penalties, assuming one violation
per pay period is $1,760,000 (100 x $4,000 (maximum penalty).** (*Id.*)

In short, as shown herein, a conservative estimate of the amount in
Controversy based on 8,381 workweeks totals **$ 4,418,762** (excluding attorney's
fees, costs, and interest). This amount is based on the first through sixth causes of
action and **excludes attorney's fees**:

| | |
|---|---|
| Minimum wage: | $1,257,150 |
| Liquidated Damages: | $942,862 |
| Meal break violations: | $502,860 |
| Rest break violations: | $754,290 |
| Waiting time penalties: | $381,600 |
| Unreimbursed business expenses: | $180,000 |
| Wage Statement violations: | $400,000 |
| Total: | **$4,418,762** |

/ / /

/ / /

/ / /

---

[18] Exh. 1, ¶¶71, 75 (as a result plaintiff and class are entitled to damages).

Based on the class as pled in the complaint, ending at time of potential class certification, the more realistic estimate of the amount in controversy based on 9616 (December 2017 to September 2022), would exceed **4,928,200** (<u>**excluding attorney's fees**</u>, **costs, and interest**):

| | |
|---|---|
| Minimum wage: | $1,442,400 |
| Liquidated Damages: | $1,081,800 |
| Meal break violations: | $576,960 |
| Rest break violations: | $865,440 |
| Waiting time penalties: | $381,600 |
| Unreimbursed business expenses: | $180,000 |
| Wage Statement violations: | $400,000 |
| Total: | **$4,928,200** |

Here, Plaintiff seeks attorneys' fees under the first, fourth, and sixth causes of action.[19] Under the law, attorney's fees are recoverable under these causes of action. *See, e.g.,* Cal. Lab. Code §1194(a) [fees recoverable for minimum wage violations]; Cal. Lab. Code §2802 [reimbursement for business expenses]; Cal. Lab. Code §226 [fees recoverable for wage statement violations].

Attorney's fees are included in the amount in controversy calculations. *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (2019). Specifically, under Ninth Circuit law: "[w]e have long held (and reiterated [in early 2018]) that attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); see also, *Galt G/S v. JSS Scandinavia*, 142 F3d 1150, 1155-1156 (9th Cir. 1998).

/ / /

/ / /

---

[19] Exh. 1, Prayer for Relief, ¶7.

13

1    Assuming a conservative estimate of **attorneys' fees of 15%** of the total

2    recovery or **$662,814** (potential class period up to present) or **$739,230** (potential

3    class period ending September 2022), the amount in controversy would be

4    **$5,081,576** and **$5,667,430, respectively, and would exceed $5,000,000 under**

5    **both potential class period estimates**.

6    By filing this Notice of Removal, KLLM does not waive any of its rights to

7    any objections or defenses, including jurisdictional, and expressly reserves the right

8    to amend and supplement this Notice of Removal.

9    WHEREFORE, KLLM prays that the above-entitled action be removed from

10   the San Bernardino County Superior Court to the United States District Court for

11   the Central District of California, Eastern Division, for all further proceedings.

12

13   Dated:  March 11, 2022                      GREENE & ROBERTS

14

15                                 By:___/s/ Dessi N. Day_____
                                        Maria C. Roberts
16                                      Dessi N. Day
                                        Attorneys for Defendant
17                                      KLLM Transport Services, LLC, a
                                        Texas Limited Liability Company

18

19

20

21

22

23

24

25

26

27

28

14

Exhibit 1

From: GFI FaxMaker    To: 19097088586    Page: 2/36    Date: 12/20/2021 4:14:52 PM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KLLM TRANSPORT SERVICES, LLC, a Texas Limited Liability
Company; and DOES 1 through 20, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN NIEVES, individually, on a representative basis, and on behalf of
all others similarly situated;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 07 2022

BY _Rosanna Gaitan_
ROSANNA GAITAN, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Bernardino Superior Court
*(El nombre y dirección de la corte es):*

247 W. Third Street
San Bernardino, CA 92415

**CASE NUMBER:** CIVSB 2 1 3 4 7 9 6

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brian J. Mankin, Esq., LAUBY, MANKIN & LAUBY LLP, 4590 Allstate Drive, Riverside, CA 92501; 951-320-1444

DATE: FEB 07 2022                Clerk, by _Rosanna Gaitan_ , Deputy
*(Fecha)*                        *(Secretario)*   ROSANNA GAITAN   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: KLLM Transport Services, LLC, a Texas Limited Liability Company

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

This fax was sent with GFI FaxMaker fax server. For more information, visit: http://www.gfi.com

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 21 2021

1  Brian J. Mankin, Esq. [CSB No. 216228]
   *brian@lmlfirm.com*
2  Peter J. Carlson, Esq. [CSB No. 295611]
   *peter@lmlfirm.com*
3  LAUBY, MANKIN & LAUBY LLP
   4590 Allstate Drive
4  Riverside, CA 92501
   Tel: (951) 320-1444
5  Fax: (951) 320-1445

6  Attorneys for Plaintiff, on a representative basis and on behalf of all others similarly situated

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN BERNARDINO

10

11  JUAN NIEVES, individually, on a          Case No.:
    representative basis, and on behalf of all       CIV SB 2 1 3 4 7 9 6
12  others similarly situated;
                                              COMPLAINT
13
              Plaintiff,                      CLASS ACTION CLAIMS
14
       vs.                                    (1)   Failure to Pay Minimum Wages;
15                                            (2)   Failure to Provide Meal Periods;
    KLLM TRANSPORT SERVICES, LLC, a           (3)   Failure to Provide Rest Breaks;
16  Texas Limited Liability Company; and DOES (4)   Failure to Reimburse Bus. Expenses;
    1 through 20, inclusive;                  (5)   Failure to Timely Pay Final Wages;
17                                            (6)   Failure to Provide Accurate Itemized
              Defendants.                           Wage Statements;
18                                            (7)   Unfair and Unlawful Competition;
19                                            PAGA CLAIMS
20                                            (8)   Failure to Pay Minimum Wages;
21                                            (9)   Failure to Provide Meal Periods;
                                              (10)  Failure to Provide Rest Breaks;
22                                            (11)  Failure to Reimburse Bus. Expenses;
                                              (12)  Failure to Timely Pay Wages;
23                                            (13)  Failure to Timely Pay Final Wages; and
24                                            (14)  Failure to Provide Accurate Itemized
                                                    Wage Statements
25

26

27

28

By Fax

CLASS AND REPRESENTATIVE ACTION COMPLAINT
-1-

Plaintiff Juan Nieves ("Plaintiff") on behalf of himself, on a representative basis, and on behalf of others similarly situated, complains and alleges as follows.

## I.    INTRODUCTION AND GENERAL ALLEGATIONS

1.    Plaintiff brings this action against his employer(s), Defendants KLLM Transport Services, LLC and DOES 1 through 20, inclusive, (collectively, "Defendants") on behalf of all current and former truck drivers who resided in California and who were employed by Defendants within the last four years (the "Represented Employees"), for Labor Code violations stemming from Defendants' failure to pay all wages owed, including minimum and regular wages, failure to provide meal periods, failure to provide rest breaks, failure to reimburse business expenses, failure to timely pay wages upon separation of employment, and failure to provide accurate itemized wage statements.

2.    Plaintiff was employed by Defendants from approximately September through December 2021.

3.    Plaintiff alleges on information and belief that the Represented Employees were subjected to the same policies, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during employment.

4.    Plaintiff and the Represented Employees were not provided all minimum and regular wages due to Defendants' failure to accurately record and compensate for all hours worked.  Specifically, Plaintiff alleges that Defendants' pay policy did not compensate the Represented Employees for all time spent under the Company's direction and control. See *Morillion v. Royal Packing Co.* (2000) 22 Cal. 4th 575 (employees must be paid for all time that the employer either knew, or reasonably should have known, that its employees are subject to its control or otherwise working). Additionally, Defendants often paid "trip pay" and/or piece-rate compensation to the Represented Employees which did not compensate for all hours worked.

5.    Plaintiff and the Represented Employees were also denied 30-minute off-duty meal periods, as mandated by California law.  As a result of Defendants' policies and practices, the Represented Employees were subjected to meal period violations when they were: (1) unable to take a meal period due to workload, (2) forced to take an on-duty meal period while under the

control of the Company, (3) forced to take a shortened meal period, (4) forced to take a meal period after the 5th hour of work, and (5) not provided mandated second and third meal periods.

6.     Defendants also failed to provide Plaintiff and the Represented Employees with 10 minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law. Defendants did not schedule rest breaks and the Represented Employees were often not authorized and/or permitted to take mandated rest breaks due to being overwhelmed by their hectic workload. Furthermore, on occasions when Plaintiff and the Represented Employees worked longer shifts, Defendants failed to authorize and/or permit mandated third or fourth rest breaks.

7.     Moreover, at all relevant times, Defendants required Plaintiff and the Represented Employees to incur necessary business-related expenses and costs without reimbursement. For example, Plaintiff was required to incur substantial expenses without reimbursement during employment, including but not limited to acquiring and maintaining a smart phone and related monthly data plan to communicate with the Company via phone, text message, and e-mail.

8.     Plaintiff also alleges that he and the Represented Employees were not paid all wages due and owing each pay period (Labor Code § 204) and upon separation of employment within the time required by Labor Code §§ 201 – 203. Plaintiff further alleges that Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Represented Employees at the time their employment ended with Defendants, including, but not limited to minimum and regular wages, wage premiums, vacation wages, among others.

9.     Plaintiff further alleges that Defendants failed to provide accurate itemized wage statements that fully complied with the requirements of Labor Code § 226(a).

10.    Plaintiff alleges that Defendants' violations of the wage and hour components of the Labor Code and IWC Wage Orders enabled them to decrease expenses and to increase their level of productivity and profits, thereby allowing Defendants to gain an unfair advantage over its competitors.

11.    At all material times, Defendants and DOES 1 through 20 were and/or are the Represented Employees' employers or persons acting on behalf of the Represented Employees'

1    employer, within the meaning of California Labor Code § 558, who violated or caused to be

2    violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating

3    hours and days of work in an IWC Wage Order and, as such, are subject to penalties for each

4    underpaid employee as set forth in Labor Code § 558 and under California law.

5        12.    Plaintiff brings this lawsuit seeking declaratory, injunctive, equitable, and

6    monetary relief against Defendants and each of them, on behalf of himself and the Represented

7    Employees to recover, among other things, unpaid wages and benefits, interest, attorneys' fees,

8    penalties, costs and expenses pursuant to California Labor Code §§ 200, 201, 202, 203, 204, 208,

9    210, 218.6, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2802,

10   among possibly other sections inadvertently omitted. Plaintiff also reserves the right to name

11   additional representatives throughout the State of California.

12       13.    Pursuant to Labor Code § 2699.3(a), Plaintiff gave written notice by online filing

13   to the Labor and Workforce Development Agency ("LWDA") and by certified mail to

14   Defendants of the specific provisions of the Labor Code alleged to have been violated, including

15   the facts and theories to support the alleged violations. Thus, Plaintiff is currently complying

16   with the procedures for bringing suit specified in California Labor Code § 2699.3, and this

17   Complaint will be deemed amended to include the PAGA allegations enumerated below when

18   more than sixty-five (65) days have passed since the Notice was mailed to Defendants and the

19   LWDA chooses not to investigate the allegations herein.

20   **II.    JURISDICTION**

21       14.    This Court has jurisdiction over the claims for relief of Plaintiff and the

22   Represented Employees pursuant to the Labor Code and the IWC Wage Orders.

23   **III.   VENUE**

24       15.    Venue as to each Defendant is proper in this Court pursuant to Code of Civil

25   Procedure § 395(a). Defendants transact business in San Bernardino County and the unlawful

26   acts alleged herein have a direct effect on Plaintiff and the Represented Employees in San

27   Bernardino County. Furthermore, Defendants employed or employ Plaintiff and Represented

28   Employees in San Bernardino County.

IV.    **PARTIES**

**Plaintiff**

16.    Plaintiff and Class Representative Juan Nieves was employed by Defendants from approximately September through December 2021 and performed work for Defendants in San Bernardino County.

**Defendants**

17.    Plaintiff is informed and believes and thereon alleges that Defendant KLLM Transport Services, LLC is a Texas limited liability company authorized to and doing business in San Bernardino County, California.  Plaintiff is also informed and believes that Defendant KLLM Transport Services, LLC is and/or was the legal employer of Plaintiff and the Represented Employees during the applicable statutory periods.

18.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 20, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties and damages to Plaintiff and all Represented Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

19.    Plaintiff is informed and believes and thereon alleges that he and the Represented Employees worked under the joint direction and control of Defendants and that Defendants, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and other Represented Employees.

20.    Furthermore, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are an integrated enterprise and should be treated as a single employer because these entities share an interrelation of operations, with common human

1  resources and personnel policies and shared common offices and facilities.  Additionally,

2  Defendants also have a shared website, common management, a centralized control of labor

3  operations, and common ownership or financial control.

4  21.    Plaintiff is informed and believes and thereon alleges that, in conducting

5  themselves in the manner described herein, Defendants, and each of them, were acting in active

6  concert with one another such that the acts of each were and are fully attributable to the others in

7  all material respects.  Plaintiff is further informed and believes that at all relevant times

8  Defendants and each of them are now, and at all material times herein mentioned were, the

9  agents, servants, employees, partners, affiliates, and/or representatives of each of their remaining

10  co-Defendants, and were, at all times herein mentioned, acting within the course, scope, and

11  purpose of such relationship(s) and with the knowledge, consent and/or ratification of each of

12  their remaining co-Defendants.

13  22.    Plaintiff is further informed and believes that at all relevant times, Defendants

14  have been inadequately capitalized to conduct business, have failed to follow appropriate

15  corporate formalities, and have simply been a shell and instrumentality through which

16  Defendants DOES 11 through 20, inclusive, have conducted their personal affairs.  Accordingly,

17  the corporate veil should be pierced, and any liability attached to Defendants should be imposed

18  jointly and severally against Defendants DOES 11 through 20.  Adherence to the fiction of the

19  separate existence of these corporate entities would permit abuse of the corporate privilege,

20  thereby sanctioning fraud and promoting injustice.

21  **V.    CLASS ACTION ALLEGATIONS**

22  23.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

23  alleged herein.

24  24.    Plaintiff brings this action on behalf of himself and all others similarly situated as

25  a class action, pursuant to Code of Civil Procedure § 382.

26  25.    The relevant time period for this class action is defined as the period beginning

27  four years prior to the filing of this action until class certification (the "Relevant Time Period").

28

26.     The Class, also referred to as the "Represented Employees," that Plaintiff seeks to represent is defined as follows:

> All current and former truck drivers who resided in California and who were employed by Defendants at any time during the Relevant Time Period.

27.     Plaintiff also seeks to represent the following subclasses:

**Meal Break Subclass**

> All Represented Employees who worked a shift in excess of 5 hours during the Relevant Time Period.

**Rest Break Subclass**

> All Represented Employees who worked a shift of at least 3.5 hours during the Relevant Time Period.

**Unreimbursed Expense Subclass**

> All Represented Employees who were required to incur expenses to discharge their duties for Defendants without reimbursement during the Relevant Time Period.

**Waiting Time Penalties Subclass**

> All Represented Employees who separated from their employment with Defendants during the period three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Subclass**

> All Represented Employees during the period one year before the filing of this action and ending when final judgment is entered.

28.     Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

29.    Plaintiff, as Class Representative, is a member of the class and subclasses that he seeks to represent.

30.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' records.

31.    **Numerosity:** The potential members of the Class as defined are so numerous that a joinder of all Represented Employees is impracticable. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' records.

32.    **Commonality:** There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation:

i.    Whether Defendants violated the Labor Code and applicable IWC Wage Order by failing to pay wages to Plaintiff and the Represented Employees for all hours worked;

ii.    Whether Defendants violated the Labor Code and applicable IWC Wage Order by failing to provide compliant meal periods to Plaintiff and the Meal Break Subclass and whether Defendants failed to compensate Plaintiff and the Meal Break Subclass with one additional hour of wages at the regular rate of pay for each instance when a compliant meal period was not provided;

iii.    Whether Defendants violated the Labor Code and applicable IWC Wage Order by failing to provide compliant rest breaks to Plaintiff and the Rest Break Subclass and whether Defendants failed to compensate Plaintiff and the Rest Break Subclass with one additional hour of wages at the regular rate of pay for each instance when a paid rest break was not provided;

iv.    Whether Defendants violated the Labor Code and applicable IWC Wage Order by failing to reimburse Plaintiff and the Unreimbursed Expense Subclass for business expenses incurred discharging their duties or in obedience to the directions of their employer;

v.    Whether Defendants violated the Labor Code by failing to timely pay all wages due upon separation of employment between Defendants and Plaintiff and the Waiting Time Penalties Subclass, whether such separation was voluntary or involuntary;

vi.    Whether Defendants violated the Labor Code by failing to provide Plaintiff and the Wage Statement Penalties Subclass with accurate, itemized wage statements;

vii.    Whether Defendants violated California Business & Professions Code §§ 17200 *et seq.* due to the: failure to pay all wages owed, failure to provide mandated paid rest breaks, failure to provide mandated meal periods, failure to reimburse business expenses, and failure to timely pay final wages; and

viii.    Whether Plaintiff and Represented Employees are entitled to equitable relief pursuant to California Business & Professions Code §§ 17200 *et seq.*

33.    **Typicality:** Plaintiff's claims, as the Class Representative, are typical of the claims of The Class. Plaintiff, like other members of The Class, was subjected to Defendants' ongoing Labor Code and Wage Order violations including pertaining to the failure to pay all wages owed, failure to provide mandated meal periods, failure to provide mandated paid rest breaks, failure to timely pay wages upon separation of employment, and failure to provide accurate itemized wage statements.

34.    **Adequacy of Representation.** Plaintiff, as the Class Representative, will fairly and adequately represent and protect the interests of the Class. Plaintiff's interests are not in conflict with those of the Class. Class Representative's counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

35.    **Superiority of Class Action.** Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Represented Employees is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Represented Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action

1  treatment will allow those similarly situated persons to litigate their claims in the manner that is

2  most efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

(Labor Code §§ 200, 1194, 1194.2, 1197; IWC Wage Order § 4)

*Plaintiff and the Represented Employees Against All Defendants*

7       36.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

8  alleged herein.

9       37.     Plaintiff and the Represented Employees were not exempt from the requirement

10  to be paid at least the applicable California minimum wage throughout the statutory period for

11  each hour worked.

12       38.     Plaintiff and the Represented Employees were not provided proper minimum and

13  regular wages due to Defendants' failure to accurately record and compensate for all hours

14  worked.  Specifically, Plaintiff alleges that Defendants' pay policy did not compensate the

15  Represented Employees for all time spent under the Company's direction and control. See

16  *Morillion v. Royal Packing Co.* (2000) 22 Cal. 4th 575 (employees must be paid for all time that

17  the employer either knew, or reasonably should have known, that its employees are subject to its

18  control or otherwise working). Additionally, Defendants often paid "trip pay" and/or piece-rate

19  compensation to the Represented Employees which did not compensate for all hours worked.

20       39.     As a result of these policies and practices, Plaintiff and the Represented

21  Employees were required to perform off-the-clock work that Defendants either knew or should

22  have known they were performing.

23       40.     Consequently, Defendants violated California Labor Code laws and minimum

24  wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and

25  Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

26       41.     Plaintiff is informed and believes and thereon alleges that Defendants

27  intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Represented

28  Employees for each hour worked in violation of Labor Code §§ 221-223, 1194 and 1197.

42.     Defendants' conduct was willful, as Defendants knew that Plaintiff and the
Represented Employees were entitled to be paid wages throughout the statutory period for each
hour worked, including proper minimum and regular wages, yet Defendants chose not to pay
them in accordance thereto.

43.     At all material times, Defendants DOES 1 through 20 were and/or are the
employer of Plaintiff and the Represented Employees or were persons acting on behalf of said
employer(s), within the meaning of California Labor Code § 558, who violated or caused to be
violated Labor Code § 204 and a provision or provisions of Part 2, Chapter 1 of the California
Labor Code regulating hours and days of work respectively.

44.     During employment of Plaintiff and the Represented Employees, Defendants
failed to pay them all wages to which they were entitled, thereby receiving an economic benefit.

45.     As a result of the Defendants' wrongful conduct, Plaintiff and the Represented
Employees have been damaged in amounts to be proven at trial.

46.     Plaintiff, on behalf of himself and the Represented Employees, seeks recovery of
all unpaid minimum wages, liquidated damages, penalties, interest, attorneys' fees and costs of
suit, pursuant to Labor Code §§ 1194 and 1194.2, against Defendants in an amount to be proven
at trial.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Labor Code §§ 226.7 and 512; IWC Wage Order § 11, 12)

*Plaintiff and the Meal Break Subclass Against All Defendants*

47.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully
alleged herein.

48.     Plaintiff and the Meal Break Subclass are and/or were employees of Defendants
who did not receive proper protections and benefits of the laws governing mandatory meal
periods.

49.     Labor Code § 226.7 requires employers, including Defendants, to provide
employees with meal periods as mandated by the Industrial Welfare Commission.

50.    Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

51.    Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of pay for each meal period that is missed.

52.    At all relevant times herein, Plaintiff and the Meal Break Subclass were denied the 30-minute meal periods to which they were entitled.  As a result of Defendants' policies and practices, Plaintiff and the Represented Employees were subjected to meal period violations when they were: (1) unable to take a meal period due to workload, (2) forced to take an on-duty meal period while under the control of the Company, (3) forced to take a shortened meal period, (4) forced to take a meal period after the 5th hour of work, and (5) not provided mandated second or third meal periods for shifts in excess of 10 and 15 hours, respectively.

53.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period because Plaintiff and the Meal Break Subclass were not provided with all mandatory meal periods and Defendants failed to pay Plaintiff and the Meal Break Subclass one additional hour of compensation at the regular rate of pay in lieu thereof.

54.    At all relevant times herein, Defendants failed to provide Plaintiff and the Meal Break Subclass all mandated meal periods and failed to pay wage premiums in lieu of mandated meal or rest periods, thereby receiving an economic benefit.

55.    On information and belief, Plaintiff and the Meal Break Subclass did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and the Meal Break Subclass were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an

unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Meal Break Subclass to take meal periods in accordance with California law.

56. By their failure to provide Plaintiff and the Meal Break Subclass with meal periods as required by California law, and failing to pay one hour of additional wages in lieu of each meal period not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 11. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period was not lawfully provided in an amount to be proven at time of trial.

57. Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 11, Defendants, and each of them, are liable to Plaintiff and the Meal Break Subclass for unpaid wage premiums, penalties, costs, and interest.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

(Labor Code §§ 226.7 and 512; IWC Wage Order § 12)

*Plaintiff and the Rest Break Subclass Against All Defendants*

58. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

59. Plaintiff and the Rest Break Subclass are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

60. Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks to its employees as mandated by Order of the Industrial Welfare Commission.

61. The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

62.     Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff and the Represented Employees one additional hour of pay at his regular rate of compensation for each day that the rest period is not provided.

63.     At all relevant times, Defendants also failed to provide Plaintiff and the Rest Break Subclass with 10 minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law.  Defendants did not schedule rest breaks and the Rest Break Subclass were often not authorized and/or permitted to take mandated rest breaks due to being overwhelmed by their hectic workload.  Furthermore, on occasions when Plaintiff and the Rest Break Subclass worked lengthy shifts, Defendants failed to authorize and/or permit mandated third or fourth rest breaks.

64.     Additionally, Plaintiff and the Rest Break Subclass were denied compliant *paid* rest breaks on each occasion that Defendants paid them on a "per trip" or piece-rate basis since, logically, Plaintiff and the Rest Break Subclass could not earn or generate compensation during an off-duty rest break.

65.     Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period because Plaintiff and the Rest Break Subclass were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Represented Employees one additional hour of compensation in lieu thereof.

66.     At all relevant times herein, Defendants failed to provide Plaintiff and the Rest Break Subclass all mandated rest breaks and failed to pay wage premiums in lieu of mandated rest periods, thereby receiving an economic benefit.

67.     By their failure to provide Plaintiff and the Rest Break Subclass with rest breaks as required by California law, and failing to pay one hour of additional wages in lieu of each rest break not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage Order § 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each workday that a paid rest break was not lawfully provided in an amount to be proven at time of trial.

68.     Also, as a direct result of Defendants' violations of Labor Code §§ 226.7 and 512, and IWC Wage Order § 12, Defendants, and each of them, are liable to Plaintiff and the Rest Break Subclass for unpaid wage premiums, penalties, costs, and interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

(Labor Code § 2802)

*Plaintiff and the Unreimbursed Expense Subclass Against All Defendants*

69.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

70.     Plaintiff and the Unreimbursed Expense Subclass are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing reimbursement of business expenses.

71.     Labor Code § 2802(a) requires that the employer indemnify its employees for expenses and losses incurred while discharging their duties or in obedience to the directions of their employer.

72.     At all relevant times herein mentioned, as a condition of employment, Defendants required Plaintiff and the Unreimbursed Expense Subclass to incur necessary business-related expenses and costs without reimbursement, including but not limited to acquiring and maintaining a smart phone and related monthly data plan to communicate with the Company via phone, text message, and e-mail.

73.     At all relevant times herein, Defendants violated Labor Code § 2802(a) when they failed to reimburse Plaintiff and the Unreimbursed Expense Subclass for expenses incurred as a direct consequence of employment with Defendants and/or under the direction of Defendants.

74.     At all relevant times herein, Defendants failed to reimburse the Unreimbursed Expense Subclass, including Plaintiff, for expenses incurred while discharging duties to Defendants, thereby receiving an economic benefit.

75.     As a direct result of Defendants' violation of Labor Code § 2802 and IWC Wage Order § 9(B), Plaintiff and the Unreimbursed Expense Subclass have suffered, and continue to

1    suffer, substantial losses related to such incurred expenses, expenses, and attorney's fees in

2    seeking to compel Defendants to fully perform their obligations under the law, all in an amount

3    to be proved at time of trial.

4         76.    Labor Code § 2802(b) states that "[a]ll awards made by a Court for

5    reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in

6    civil actions, and said interest will accrue from the date on which the employee incurred the

7    necessary expenditure or loss including, but not limited to, reasonable costs and attorney's fees

8    incurred by the employee enforcing the rights granted pursuant to Labor Code § 2802. The exact

9    amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

10         77.    Furthermore, Labor Code § 2802(c) states that "[f]or the purposes of this section,

11    the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not

12    limited to, attorney's fees incurred by the employee in enforcing the rights granted by this

13    section." Therefore, Plaintiff and the Unreimbursed Expense Subclass seek to recover the

14    unreimbursed expenses, interest on the unreimbursed expenses, and the costs and attorney's fees

15    necessarily incurred in pursuing same. The exact amount of reimbursements, interest, costs, and

16    attorney's fees will be in an amount to be proved at the time of trial.

17    **FIFTH CAUSE OF ACTION**

18    **FAILURE TO TIMELY PAY FINAL WAGES**

19    (Labor Code §§ 201 – 203)

20    *Plaintiff and the Waiting Time Penalties Subclass against All Defendants*

21         78.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

22    alleged herein.

23         79.    Plaintiff and the Waiting Time Penalties Subclass are and/or were employees of

24    Defendants who did not receive proper protections and benefits of the laws governing the timing

25    and payment of wages.

26         80.    Labor Code § 201 requires that the employer immediately pay any wages, without

27    abatement or reduction, to any employee who is discharged.

28

81.     Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

82.     Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

83.     At all relevant times, Defendants employed a policy and practice whereby Plaintiff and the Waiting Time Penalties Subclass were not paid all wages due and owing upon separation of employment within the time required by Labor Code §§ 201 and 202.

84.     Also, at all relevant times, Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Waiting Time Penalties Subclass upon separation of employment, including, but not limited to, minimum and regular wages, vacation or PTO wages, as well as meal and rest period premiums.

85.     Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay Plaintiff and the Waiting Time Penalties Subclass all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.  Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiff and the Waiting Time Penalties Subclass the above-described waiting time penalty, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

*Plaintiff and the Wage Statement Penalties Subclass against All Defendants*

86.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

87.     Plaintiff and the Wage Statement Penalties Subclass are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

88.     Labor Code § 226(a) requires an employer to provide its employees with itemized wage statements accurately stating gross wages earned, all deductions, net wages earned, the inclusive dates of the pay period, the employee's name and the last four digits of his or her Social Security number (or employee identification number), the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

89.     Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Wage Statement Penalties Subclass due to violations including: failure to accurately state total hours worked (the wage statements failed to state any information about hours worked); failure to state the inclusive dates of the pay period (the wage statement failed to list the pay period start date); failure to state the applicable hourly rates (including the failure to accurately state the "differential" rate of pay); failure to accurately state the corresponding number of hours worked at each hourly rate (including the failure to state the hours worked at the "differential" rate); failure to state the name and address of the legal entity that is the employer (the wage statements incorrectly listed an employer/entity that no longer exists); failure to accurately state gross wages earned; failure to accurately state all deductions; failure to accurately state net wages earned; and the failure to accurately state the amount and rate of pay for meal and rest period violations.

90.     Therefore, Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Wage Statement Penalties Subclass because Defendants failed to provide a wage statement to Plaintiff and the Wage Statement Penalties Subclass that complied with the requirements of Labor Code § 226(a).

91.     Defendants' failure to provide the required writing deprived Plaintiff and the Wage Statement Penalties Subclass of the ability to know, understand, and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants.  Therefore, Plaintiff and the Wage Statement Penalties Subclass had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to said Defendants. As a direct result, Plaintiff and the Wage Statement Penalties Subclass have suffered

and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damages in amounts according to proof at trial.

92.     As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and the Wage Statement Penalties Subclass have suffered an injury in that each was prevented from knowing, understanding and disputing the wage payments paid to them.  Furthermore, Plaintiff and the Wage Statement Penalties Subclass have each suffered an injury in that the failure to show all wages earned on the itemized wage statements resulted in Plaintiff and the Represented Employees being denied all necessary deductions, payments, and withholdings owed by the employer, including, but not limited to, the failure to make all necessary contributions for unemployment benefits, social security benefits, proper payment of taxes and withholdings, and other mandated state and federal benefits.

93.     Plaintiff has also been injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

94.     Labor Code § 226(e) requires Defendants to pay the greater of all actual damages or fifty dollars ($50.00) per employee for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to Plaintiff and the Wage Statement Penalties Subclass who were injured by Defendants' failure to comply with Labor Code § 226(a).  The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

## SEVENTH CAUSE OF ACTION

## UNFAIR AND UNLAWFUL COMPETITION

### (Business and Professions Code § 17200 *et seq.*)

*Plaintiff and the Represented Employees against All Defendants*

95.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

96.     California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice." The Represented Employees, including Plaintiff, have suffered and continue to suffer injuries in fact, due to the unfair and unlawful business practices of Defendants as alleged herein.

97.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

98.     As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failure to pay minimum and regular wages, failure to provide mandated meal periods and rest breaks, failure to reimburse business expenses, and failure to timely pay wages upon separation of employment, all to decrease their costs and increase profits.

99.     At all times relevant herein, Defendants did not pay Plaintiff and the Represented Employees wages and monies and other financial obligations to which they were entitled.

100.     As a result of Defendants' failure to comply with the Labor Code and IWC Orders, Represented Employees, including Plaintiff, suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. Defendants' ongoing violations of the foregoing statutes and laws constitute a violation of Bus. & Prof. Code § 17200, *et seq.*

101.     Defendants' violations of the California Labor Code and IWC Wage Orders and its scheme to lower its payroll costs as alleged herein, constitute unlawful and unfair business practices because it was done in a systematic manner over a period of time to the detriment of the Plaintiff and all others similarly-situated.

102.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Represented Employees, and to the general public. Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

103.     A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive,

1  fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business

2  practices in violation of California Business and Professions Code §§ 17200, et seq.

3      104.   Plaintiff, individually, and on behalf of the Represented Employees, has no plain,

4  speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a

5  consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of

6  the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually,

7  and on behalf of the Represented Employees, has suffered and will continue to suffer irreparable

8  harm unless Defendants, and each of them, are restrained from continuing to engage in said

9  unfair, unlawful and/or fraudulent business practices.

10     105.   Plaintiff, individually, and on behalf of the Represented Employees, is entitled to,

11  and does, seek such relief as may be necessary to disgorge the profits which Defendants have

12  acquired, or of which Plaintiff and Represented Employees have been deprived, by means of the

13  above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the

14  Represented Employees are not obligated to establish individual knowledge of the unfair

15  practices of Defendants in order to recover restitution.

16     106.   Plaintiff, individually, and on behalf of the Represented Employees, is further

17  entitled to and do seek a declaration that the above described business practices are unfair,

18  unlawful and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from

19  engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in

20  the future.

21     107.   Pursuant to Business & Professions Code §§ 17200, et seq., Plaintiff and

22  Represented Employees are entitled to restitution of the wages withheld and retained by

23  Defendants during a period that commences four years prior to the filing of this complaint; a

24  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

25  Represented Employees; an award of attorneys' fees pursuant to California Code of Civil

26  Procedure § 1021.5 and other applicable laws; and an award of costs.

27  / / /

28  / / /

## VI.    LABOR CODE PRIVATE ATTORNEYS GENERAL ACT CAUSES OF ACTION

### *(Cal. Lab. Code. §§ 2698 – 2699.5)*

108.    Plaintiff is an "aggrieved employee" under the PAGA as he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, Plaintiff may recover the remedies described herein in a civil action filed on behalf of himself and all other similarly situated current and former aggrieved employees in California against whom one or more of the alleged violations was committed (hereinafter the "Aggrieved Employees").

109.    Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.   Therefore, Plaintiff is not required to, nor does he, seek class certification of the PAGA claims under Code of Civil Procedure § 382.

110.    Pursuant to Labor Code § 2699.3(a), Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

111.    Therefore, once more than sixty-five (65) days have passed since that date, Plaintiff will have fully satisfied the administrative prerequisites to suit under the PAGA and this Complaint will be deemed amended to include the PAGA allegations enumerated below.  Once this occurs, Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and other damages as permitted by PAGA.

### EIGHTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO PAY MINIMUM WAGES

(Labor Code §§ 200, 1194, 1194.2, 1197; IWC Wage Order § 4)

*Plaintiff and the Aggrieved Employees against All Defendants*

112.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

113.    Plaintiff and the Aggrieved Employees were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

114.    Plaintiff and the Aggrieved Employees were not provided proper minimum and regular wages due to Defendants' failure to accurately record and compensate for all hours worked. Specifically, Plaintiff alleges that Defendants' pay policy did not compensate the Aggrieved Employees for all time spent under the Company's direction and control. See *Morillion v. Royal Packing Co.* (2000) 22 Cal. 4th 575 (employees must be paid for all time that the employer either knew, or reasonably should have known, that its employees are subject to its control or otherwise working). Additionally, Defendants often paid "trip pay" and/or piece-rate compensation to the Aggrieved Employees which did not compensate for all hours worked.

115.    As a result of this policy and practice, Plaintiff and the Aggrieved Employees were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

116.    Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

117.    Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay wages to Plaintiff and the Aggrieved Employees for each hour worked in violation of Labor Code §§ 221-223, 1194 and 1197.

118.    As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

/ / /

/ / /

/ / /

/ / /

/ / /

## NINTH CAUSE OF ACTION

**PAGA ASSESSMENT FOR FAILURE TO PROVIDE COMPLIANT MEAL PERIODS**

(Labor Code § 226.7 and 512; IWC Wage Order § 11, 12)

*Plaintiff and the Aggrieved Employees against All Defendants*

119.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

120.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory meal periods.

121.    Labor Code § 226.7 requires employers, including Defendants, to provide employees with meal periods as mandated by the Industrial Welfare Commission.

122.    Labor Code § 512(a), in part, provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee the opportunity to take an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee. Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

123.    Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B), Defendants shall pay an employee one additional hour of pay at the employee's regular rate of pay for each meal period that is missed.

124.    At all relevant times herein, Plaintiff and the Aggrieved Employees were denied the 30-minute meal periods to which they were entitled. As a result of Defendants' policies and practices, Plaintiff and the Aggrieved Employees were subjected to meal period violations when they were: (1) unable to take a meal period due to workload, (2) forced to take an on-duty meal period while under the control of the Company, (3) forced to take a shortened meal period, (4) forced to take a meal period after the 5th hour of work, and (5) not provided mandated second or third meal periods for shifts in excess of 10 and 15 hours, respectively.

125.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage
Order every pay period because Plaintiff and the Aggrieved Employees were not provided with
all mandatory meal periods and Defendants failed to pay Plaintiff and the Aggrieved Employees
one additional hour of compensation at the regular rate of pay in lieu thereof.

126.    On information and belief, Plaintiff and the Aggrieved Employees did not
voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers
obtained from Plaintiff and the Aggrieved Employees were not willfully obtained, were not
voluntarily agreed to, were a condition of employment, or were a part of a contract of an
unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Aggrieved
Employees to take meal periods in accordance with California law.

127.    As a result of the unlawful employment practices alleged herein, Plaintiff seeks
the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699,
and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## TENTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO PROVIDE REST BREAKS

(Labor Code § 226.7 and 512; IWC Wage Order § 12)

*Plaintiff and the Aggrieved Employees against All Defendants*

128.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully
alleged herein.

129.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants
who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

130.    Labor Code § 226.7 requires employers, including Defendants, to provide rest
breaks to its employees as mandated by Order of the Industrial Welfare Commission.

131.    The IWC Wage Order § 12 states, in part, that every employer shall authorize and
permit all employees to take rest periods, which insofar as practicable shall be in the middle of
each work period. Employees shall receive a 10-minute rest period every four hours or major
fraction thereof that they are required to work.  Authorized rest period time shall be counted, as
hours worked, for which there shall be no deduction from wages.

132.    Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage
Order, Defendants shall pay Plaintiff and the Represented Employees one additional hour of pay
at his regular rate of compensation for each day that the rest period is not provided.

133.    At all relevant times, Defendants also failed to provide Plaintiff and the
Aggrieved Employees with 10 minutes of net rest break time for every 4 hours worked, or major
fraction thereof, as mandated by California law.  Defendants did not schedule rest breaks and the
Aggrieved Employees were often not authorized and/or permitted to take mandated rest breaks
due to the lack of adequate staffing and coverage and being overwhelmed by their hectic
workload.  Furthermore, on occasions when Plaintiff and the Aggrieved Employees worked
lengthy shifts, Defendants failed to authorize and/or permit mandated third and fourth rest
breaks.

134.    Additionally, Plaintiff and the Aggrieved Employees were denied compliant *paid*
rest breaks on each occasion that Defendants paid them on a "per trip" or piece-rate basis since,
logically, Plaintiff and the Aggrieved Employees could not earn or generate compensation during
an off-duty rest break.

135.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage
Order every pay period because Plaintiff and the Aggrieved Employees were not provided with
all mandatory rest periods and Defendants failed to pay Plaintiff and the Aggrieved Employees
one additional hour of compensation in lieu thereof.

136.    As a result of the unlawful employment practices alleged herein, Plaintiff seeks
the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699,
and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## ELEVENTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO REIMBURSE BUSINESS EXPENSES

(Labor Code § 2802)

*Plaintiff and the Unreimbursed Expense Subclass Against All Defendants*

137.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully
alleged herein.

138. Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing reimbursement of business expenses.

139. Labor Code § 2802(a) requires that the employer indemnify its employees for expenses and losses incurred while discharging their duties or in obedience to the directions of their employer.

140. At all relevant times herein mentioned, as a condition of employment, Defendants required Plaintiff and the Aggrieved Employees to incur necessary business-related expenses and costs without reimbursement, including, but not limited to, acquiring and maintaining a smart phone and related monthly data plan to communicate with the Company via phone, text message, and e-mail.

141. At all relevant times herein, Defendants violated Labor Code § 2802(a) when they failed to reimburse Plaintiff and the Aggrieved Employees for expenses incurred as a direct consequence of employment with Defendants and/or under the direction of Defendants.

142. As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## TWELFTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY WAGES EACH PERIOD

(Labor Code § 204)

*Plaintiff and the Aggrieved Employees against All Defendants*

143. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

144. Plaintiff and the Aggrieved Employees are and/or were "nonexempt" employees of Defendants who did not receive proper protections and benefits of the laws regarding the timing of payment of wages each period.

145. Labor Code § 204(a) states that all wages earned by a person are due and payable twice during each calendar month, and further states that wages earned during the first through

1  fifteenth days of the month must be paid no later than the twenty-sixth day of the month, and that

2  wages earned between the sixteenth and last day of the month must be paid by the tenth day of

3  the following month.

4      146.   Furthermore, Labor Code § 204(d) states "[t]he requirements of this section shall

5  be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if

6  the wages are paid not more than seven calendar days following the close of the payroll period."

7      147.   At all relevant times herein, Defendants did not provide Plaintiff and the

8  Aggrieved Employees with all wages due and owing each period within the time required by

9  Labor Code § 204.  Moreover, Defendants did not provide Plaintiff and the Aggrieved

10  Employees with all wages due and owing each pay period, including, but not limited to,

11  minimum and regular wages, as well as meal and rest period premiums, within the time specified

12  by Labor Code § 204.

13      148.   As a result of the unlawful employment practices alleged herein, Plaintiff seeks

14  the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699,

15  and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

16  ## THIRTEENTH CAUSE OF ACTION

17  **PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY FINAL WAGES**

18  (Labor Code §§ 201 – 203 and 256)

19  *Plaintiff and the Aggrieved Employees against All Defendants*

20      149.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

21  alleged herein.

22      150.   Plaintiff and the Aggrieved Employees are and/or were "non-exempt" employees

23  of Defendants who did not receive proper protections and benefits of the laws governing the

24  timing and payment of final wages.

25      151.   Labor Code § 201 requires that the employer immediately pay any wages, without

26  abatement or reduction, to any employee who is discharged.

27

28

152.     Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

153.     Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

154.     At all relevant times here, Defendants did not provide Plaintiff and the Aggrieved Employees with all wages due and owing upon separation of employment, including, but not limited to, minimum and regular wages, as well as meal and rest period premiums, within the time specified by Labor Code §§ 201 – 203.

155.     Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay to Plaintiff and the Aggrieved Employees all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.

156.     As a result of the unlawful employment practices alleged herein, Plaintiff seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## FOURTEENTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

*Plaintiff and the Aggrieved Employees against All Defendants*

157.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

158.     Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

159.     Labor Code § 226(a) requires an employer to provide its employees with itemized wage statements accurately stating gross wages earned, all deductions, net wages earned, the

1  inclusive dates of the pay period, the employee's name and the last four digits of his or her

2  Social Security number (or employee identification number), the name and address of the legal

3  entity that is the employer, and all applicable hourly rates in effect during the pay period and the

4  corresponding number of hours worked at each hourly rate by the employee.

5       160.    Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff

6  and the Aggrieved Employees because due to violations including: failure to accurately state

7  total hours worked (the wage statements failed to state any information about hours worked);

8  failure to state the inclusive dates of the pay period (the wage statement failed to list the pay

9  period start date); failure to state the applicable hourly rates (including the failure to accurately

10 state the "differential" rate of pay); failure to accurately state the corresponding number of hours

11 worked at each hourly rate (including the failure to state the hours worked at the "differential"

12 rate); failure to state the name and address of the legal entity that is the employer (the wage

13 statements incorrectly listed an employer/entity that no longer exists); failure to accurately state

14 gross wages earned; failure to accurately state all deductions; failure to accurately state net

15 wages earned; and the failure to accurately state the amount and rate of pay for meal and rest

16 period violations.

17      161.    Therefore, Defendants violate Labor Code § 226(a) every pay period because

18 Defendants failed to provide a wage statement to Plaintiff and the Aggrieved Employees that

19 complied with the requirements of Labor Code § 226(a).

20      162.    As a result of the Defendants' violations of Labor Code § 226(a), Plaintiff seeks

21 the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699,

22 and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

23 See *Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 675 ("Section

24 226.3 provides the civil penalty for failure to comply" with Labor Code § 226).

25 **VII.**    **PRAYER FOR RELIEF**

26      WHEREFORE, Plaintiff, on behalf of himself, on a representative basis, and all others

27 similarly situated, prays for judgment and relief against Defendants, jointly and severally, as

28 follows:

1.     As to the Eighth through Fourteenth Causes of Action, the assessment of all applicable and available remedies under the PAGA;

2.     For reasonable attorneys' fees and costs as permitted under the PAGA;

3.     That the First through Seventh Causes of Action be certified as a class action;

4.     That Plaintiff be appointed as Class Representative;

5.     That counsel for Plaintiff be appointed Class Counsel;

6.     For all applicable statutory penalties recoverable under the First through Seventh Causes of Action to the extent permitted by law, including those pursuant to Labor Code and Orders of the Industrial Welfare Commission;

7.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including those pursuant to the Labor Code;

8.     For injunctive relief and/or restitution as provided by the Labor Code and Business and Professions Code § 17200, *et seq.*;

9.     For a declaratory judgment that Defendants have violated Labor Code §§ 200, 201, 202, 203, 204, 208, 210, 218.6, 221, 226, 226.3, 226.7, 512, 558, 1194, 1197, 1198, 1199, and 2802, among other sections inadvertently omitted;

10.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties according to proof, including interest thereon;

11.     For pre- and post-judgment interest; and

12.     For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial as to the First through Seventh Causes of Action pled herein.

Dated: December 17, 2021                    LAUBY, MANKIN & LAUBY LLP

BY:     _____
        Brian J. Mankin, Esq.
        Peter J. Carlson, Esq.
        Attorneys for Plaintiff

From: GFI FaxMaker    To: 19097088586    Page: 34/36    Date: 12/20/2021 4:14:53 PM

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Brian J. Mankin, Esq. [CSB: 216228]; Peter J. Carlson, Esq. [CSB: 295611]
LAUBY, MANKIN & LAUBY LLP
4590 Allstate Drive
Riverside, CA 92501

TELEPHONE NO.: 951-320-1444     FAX NO.: 951-320-1445
ATTORNEY FOR (Name): brian@lmlfirm.com; peter@lmlfirm.com

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W. Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: Central District

DEC 21 2021

CASE NAME:
NIEVES vs. KLLM TRANSPORT SERVICES, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV SB 2 1 3 4 7 9 6 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

By Fax

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties      d. [✓] Large number of witnesses
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [✓] monetary      b. [✓] nonmonetary; declaratory or injunctive relief      c. [ ] punitive
**4.** Number of causes of action (specify): FOURTEEN
**5.** This case [✓] is [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/20/2021
Peter J. Carlson, Esq.
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

This fax was sent with GFI FaxMaker fax server. For more information, visit: http://www.gfi.com

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
   *domain, landlord/tenant, or*
   *foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-*
   *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
   *harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

From: GFI FaxMaker    To: 19097088586    Page: 36/36    Date: 12/20/2021 4:14:54 PM

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JUAN NIEVES,

CASE NO.: CIV SB **2 1 3 4 7 9 6**

vs.

**CERTIFICATE OF ASSIGNMENT**

KLLM TRANSPORT SERVICES, LLC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
Central _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

**By Fax**

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Place of Business
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                ADDRESS

San Bernardino                        CA              92415
CITY                                  STATE           ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 12/20/2021 _____ at Riverside _____ , California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

This fax was sent with GFI FaxMaker fax server. For more information, visit: http://www.gfi.com



## Superior Court of California-County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

**What is Alternative Dispute Resolution?**

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

**Advantages of ADR**

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

**Disadvantages of ADR -** ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR: Mediation and Arbitration**

### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

- **Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- **Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

**To locate a dispute resolution program or neutral in your community:**

- **Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;**

- **Contact the local bar association, or;**

- **Look in a phone directory under mediation or arbitration services.**

**The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.**

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
**Program Director: Lynne Anderson, Executive Director**
**City Center Building**
**Inland Fair Housing & Mediation Board**
**10681 Foothill Boulevard, Suite 101**
**Rancho Cucamonga, CA 91730**
**909-984-2254 or 800-321-0911**
**Fax: 909-460-0274**
***www.inmedbd.com***

**＊＊**